ELORA C. FINK, Judge Pro Tem.
Plaintiffs — David Briggs Enterprises, Inc.; Brash Enterprises, Inc.; Daiquiri’s Acadiana, a Louisiana Partnership in Com-mendam; Tab-Cat, Inc.; DAB Interest, Inc.; and Las Brisas Highland Partnership, a Partnership in Commendam — appeal the dismissal of their suit for the return of unearned premiums following premature cancellation of two insurance policies.[1] The defendants are Britamco Underwriters, Inc., Forest Insurance Facilities, Inc., and Christy Luquet, d/b/a Luquet Insurance Agency.
The plaintiffs own and operate numerous liquor beverage outlets in the New Orleans area and also own a partnership interest in a Baton Rouge restaurant. Their common denominator is that David Briggs is a stockholder or partner in all of the companies and also their president. To secure liability protection, Briggs ordered his staff to search for various insurance coverages, including liquor liability. According to the testimony, at the time Briggs sought the insurance such coverage was difficult to find: no standard or admitted insurance carrier in Louisiana provided liquor liability coverage.
Briggs’ Director of Administration, Danny Drago, seeking bids for placement of the policies, contacted Christy Luquet, owner of Luquet Insurance Agency. She had dealt with the Briggs companies for several years as an employee of other insurance agencies and had kept the account with her when she opened her own agency.
Luquet contacted Forest Insurance Facilities, Inc., a broker for excess and surplus line insurers. Excess and surplus line carriers are not admitted carriers in Louisiana; they are permitted to write insurance coverage in this state only when the desired coverage cannot be obtained through an admitted carrier. See LSA-R.S. 22:1251-1270. Forest contacted Britamco Underwriters, Inc., which agreed to bind the policies.
The policies were bound in April 1986. The Briggs companies paid the premiums to Luquet, who deducted her commission and sent the remainder to Forest. Forest deducted its commission and sent a check to Britamco for the premium due.
In August 1986, as a result of a favorable change in the law regarding liquor sellers, Briggs requested that Luquet cancel the liquor liability portions of the policies and return the unearned premium. She sent the request to Forest, which forwarded it to Britamco.
Britamco cancelled the liquor liability policies effective August 16, 1986. It then sent a check for the unearned premiums to Forest, which added back its unearned commission and forwarded a check for the amount to Luquet, who was expected to add her unearned commissions before sending the total refund to the plaintiffs.
Luquet deposited the check and wrote a check for the full refund to Briggs. Lu-quet’s bank account had been frozen, however, due to a criminal investigation for bank fraud. The plaintiffs never received the refund.
*189 On July 15, 1987, the Briggs Companies filed suit against Britamco for breach of contract, against Forest and Luquet for breach of fiduciary duty and conversion, and against all of the defendants for violation of the Unfair Trade Practices and Consumer Protection Law, LSA-R.S. 51:1401, et seq. The defendants filed a reconven-tional demand related to the unfair trade practices claim; in addition, Britamco and Forest filed a cross-claim against Luquet and her agency.
The trial was held on October 4, 1989, after which the case was held open for the production of additional evidence related to the amount of the refund due to the plaintiffs. On December 5, 1989, the district court rendered a partial judgment dismissing the unfair trade practices claims against the defendants. On October 6, 1990, the court rendered judgment in favor of the plaintiffs against Luquet and her agency for $30,542.40, but dismissed the plaintiffs’ actions against the other defendants. In addition, the court dismissed the plaintiffs’ rule to show cause regarding satisfaction of a subpoena duces tecum and for permission to submit further evidence on their damages.
The plaintiffs appealed. Britamco and Forest appeared in this court in response to the appeal, but Luquet did not. Accordingly, the judgment is final as to her liability.
On appeal, the plaintiffs raise five specifications of error.
SPECIFICATION OF ERROR NO. 1
First, the plaintiffs contend the trial court erred in failing to find that Britamco, pursuant to its contract of insurance and La.R.S. 22:637, is liable to the plaintiffs for failing to pay the unearned premium directly to them. The plaintiffs assert the insurer is required to pay the unearned premiums directly to the insured under the provisions of the insurance contract and of LSA-R.S. 22:637, so that Britamco’s failure to remit the unearned premiums directly to them was a breach of the contract and a violation of the statute.
In response, Britamco and Forest contend the policy provision at issue either is inapplicable or does not delineate the method by which such refunds are to be made. Further, they assert that R.S. 22:637 applies only to admitted carriers, not to surplus line insurers. Next, they assert the refund was necessarily made in the reverse order the premiums were paid because Forest and Luquet had to add their unearned premiums and state tax, which Britamco was not in a position to do.
In his reasons for judgment, the trial judge stated he found it unnecessary to reach the question of whether this statutory section applies to excess and surplus lines carriers because he found that Bri-tamco and Forest followed the statute by forwarding the premium refund to Luquet. He held,
“The method of reimbursement used here offered the only practical way in which the insured could ultimately receive a full reimbursement. Britamco did not have in its possession all funds owed to the plaintiffs. It forwarded its portion to Forest. Forest added its portion to the premium amount and then forwarded that amount to Luquet. Lu-quet was to add her- unearned commission and then forward a full reimbursement to plaintiffs. This is the same procedure which was followed when the premium was paid.”
Thus, he concluded, the only defendant liable for the loss was Luquet.
The provision of the insurance policy on which the plaintiffs rely is found under Section VII of the policy, “Conditions”:
1. PREMIUM: All premiums for this policy shall be computed in accordance with the company’s rules, rates, rating plans, premiums, and minimum premiums applicable to the insurance afforded herein.
Premium designated in this policy as “advance premium ” is a deposit premium only which shall be credited to the amount of the earned premium due at the end of the policy period. At the close of each period (or part thereof terminating with the end of the policy period) designated in the declarations as the audit period the earned premium shall be computed for such period and, upon no *190 tice thereof to the named insured, shall become due and payable. If the total earned premium for the policy period is less than the premium previously paid, the company shall return to the named insured the unearned portion paid by the named insured, however in no case shall the company retain less than the amount designated as “Minimum Premium” on the declarations of this policy. [Emphasis added.]
The pertinent part of R.S. 22:637 states:
B. Following such cancellation the insurer shall pay to the insured or to the person entitled thereto as shown by the insurer's records, any unearned portion of any premium paid on the policy as computed on the customary short rate or as otherwise specified in the policy. If no premium has been paid on the policy, the insured shall be liable to the insurer for premium for the period during which the policy was in force. [Emphasis added.]
The testimony showed Luquet received the money after it was forwarded by Bri-tamco and Forest, but was unable to pay the plaintiffs because of her financial irregularities. The testimony also established that Britamco’s and Forest’s method of refunding the unearned premiums was customary and usual in the insurance business. In addition, according to the testimony of Timothy Dietrich, an employee of the Louisiana Commission of Insurance, Surplus Line Division, neither a surplus lines insurer nor its broker is allowed to deal directly with an insured.
The jurisprudence is devoid of cases addressing the issue of how an unearned premium is to be refunded to the insured. Like the trial judge, however, we find it unnecessary to decide whether R.S. 22:637 applies to surplus lines carriers. Neither the policy provision nor R.S. 22:637 defines the way the unearned premiums are to be refunded to the policy holder. The cited policy provision does not pertain to cancellations or the refund of unearned premiums. In addition, LSA-R.S. 22:1162, which defines “insurance broker,” states,
An “insurance broker” is hereby defined to be an individual, partnership, or corporation who or which shall, for a commission or brokerage consideration, act for or aid in any manner in negotiating contracts of insurance, or in placing risks or soliciting or effecting insurance as agent for an insured or prospective insured other than himself or itself, and not as an insurance solicitor employed by a licensed agent. The broker is deemed for all purposes to be the representative of the insured. [Emphasis added.]
Under that definition, both Forest and Luquet were brokers and represented the interests of the plaintiffs.
Thus, neither the policy nor the statutes delineate the method by which refund of unearned premiums is to be made. We conclude, nonetheless, that such repayment should be made in a reasonable manner designed to assure the insured will receive the refund timely. The industry custom in this state is to refund the premium in reverse of the order in which payment of the premium was made — insured to agent to insurer. As the trial court concluded, this method is practical and efficient and does not violate public policy. Consequently, the trial court did not err in finding that Britamco neither breached its contract nor violated statutory law.
SPECIFICATION OF ERROR NO. 2
Second, the plaintiffs assert the trial court erred in failing to find that Forest owed a fiduciary obligation to return directly to them the unearned premiums that Britamco had paid to Forest. The plaintiffs argue Forest had a duty either to pay the refund to the insured because Luquet was Forest’s agent or, at least, to require Britamco to remit the amount directly to the insured.
Forest, as a broker, is deemed to be Briggs’ agent for all purposes under R.S. 22:1162. However, the method it used to refund the premiums was, as previously stated, practical, customary and not in violation of any duty or law. Thus, we find *191 the trial judge did not err in dismissing plaintiffs’ claim against Forest.
SPECIFICATION OF ERROR NO. 3
Third, the plaintiffs argue the trial court erred in failing to find that Luquet owed them a fiduciary obligation to return that part of the unearned premium paid to her by Forest. This issue is moot, however, because Luquet was found liable by the trial court and that judgment is final as to her.
SPECIFICATION OF ERROR NO. 4
Fourth, the plaintiffs contend the trial court erred in refusing to find that all the defendants engaged in an unfair and deceptive trade practice by failing to disclose to the plaintiffs that any unearned premiums would not be paid by each of them directly to the plaintiffs and, further, in failing to apprise the plaintiffs that Bri-tamco Underwriters, Inc., was not an authorized surplus line carrier for the State of Louisiana.
In view of our conclusion, supra, that the method of payment was not improper, we find no merit to the first part of this argument.
As to Britameo’s status, the evidence shows Britamco is a syndicate of underwriters, one company of many individual syndicates belonging to the Illinois Insurance Exchange. The function of the Exchange was explained as follows in a letter from its legal counsel to the plaintiffs’ attorney, dated June 8, 1987:
The Illinois Insurance Exchange acts as a Central Processing Facility for the placement of insurance risks with separate entities called syndicates. All underwriting and claims decisions are made solely by the syndicate or syndicates which insure the risk. Every policy issued through syndicates contains a separate page, entitled Schedule A, which clearly defines this relationship.
The Illinois Insurance Exchange is listed by the Insurance Commission as an approved surplus line company and, according to Timothy Dietrich, properly writes insurance in Louisiana. Further, the evidence shows Britamco files financial statements with the Commissioner of Insurance. The plaintiffs presented no evidence and cited no law to prove their claim that Britamco is illegally writing insurance in this state; they could not point out any harm Britam-eo’s status has caused. Consequently, the trial judge properly dismissed the claims based on the Unfair Trade Practices and Consumer Protection Law, LSA-R.S. 51:1401 et seq.
SPECIFICATION OF ERROR NO. 5
Fifth, the plaintiffs assert the trial court erred in not admitting into evidence, post-trial, a letter purporting to reflect how the unearned premium was to be calculated, in order to establish the correct amount owed by the defendants. The plaintiffs contend that the trial court based its award on insufficient evidence and that the correct amount is $30,618.94 ($76.54 more than the amount awarded).
The plaintiffs admit the letter in question, from a management corporation to David A. Briggs Enterprises, was in its possession throughout trial. However, they assert the expected post-trial return on a subpoena duces tecum was not made and the evidence at trial was confusing and complicated. Briggs asserts the ruling was harsh, considering these factors, and argues the letter is now the best evidence of the correct amount.
The evidence at trial showed plaintiffs were entitled to a refund of $2,506 on a policy issued to Las Brisas and $26,582 on the other policy. A refund of 5% unearned state tax was calculated on each amount, totaling $30,542. Accordingly, we find the evidence sufficient to support the award and, thus, the trial judge did not err in refusing to allow introduction of the letter after the trial.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs are assessed against the plaintiffs-appellants.
AFFIRMED.

. Also named as plaintiffs in the caption of the original petition were Walter Broussard, David Briggs, Ronald Briggs and Freeze, Inc., but their names were not mentioned in the text of the petition.