WATSON, Justice.
An insurance company attempted to refund unearned premiums through a broker and an agent but the funds never reached the insured. The trial court and *1307 court of appeal held that the insurer had no further responsibility. Plaintiffs contend that they are entitled to judgment against the insurance company for the amount of the unearned premiums.
David Briggs is the president and a stockholder or partner of the corporate and partnership entities which are the plaintiffs in this suit.[1] The Briggs companies own and operate liquor stores in south Louisiana and own a partnership interest in a Baton Rouge restaurant. Briggs had difficulty in securing liquor liability insurance coverage, which was not available from an admitted Louisiana carrier. Briggs’ director of administration called Christy Lu-quet, owner of Luquet Insurance Agency, in regard to that coverage. Luquet contacted Forest Insurance Facilities, Inc., a broker for excess and surplus line insurers. Excess and surplus line carriers may only write coverage which cannot be obtained from authorized insurers. LSA-R.S. 22:1257. Forest obtained the desired coverage from Britamco Underwriters, Inc. The Briggs companies paid the premiums to Luquet, who deducted her commission before sending the balance to Forest. Forest deducted its commission and forwarded the balance to Britamco.
The policies were in effect from April until August of 1986, when Briggs’ director of administration requested that the coverage be cancelled and the unearned premiums refunded. Luquet sent the request to Forest, which sent it to Britamco. On August 16, 1986, Britamco cancelled the policies and returned a check for the unearned premiums to Forest, which added its unearned commission and forwarded a check to Luquet. Luquet was expected to add her unearned commission before sending the total refund to the insured companies. Although Luquet wrote a check for the refund, her bank account was frozen in a criminal bank fraud investigation and Briggs never received the refund.
The Briggs companies filed suit against Britamco, Forest and Luquet for the unearned premiums.
The trial court rendered judgment in favor of plaintiffs against Luquet and her agency for $30,542.40 but dismissed the suit as to the other defendants. The trial court judgment is now final as to Luquet. Plaintiffs appealed the dismissal of their suit as to the other defendants. Britamco and Forest answered the appeal. The trial court concluded that the procedure followed by Britamco, the reverse of the premium payment procedure, was customary in the insurance business. Because Bri-tamco did not have all of the funds owed to plaintiffs, the trial court held it was necessary to proceed through Forest and Lu-quet, making Luquet the only party liable for the loss.
The court of appeal concluded that neither the insurance policies nor the statutes defined a method for refunding unearned premiums. Because both Forest and Lu-quet were representatives of the insured under LSA-R.S. 22:1162, payment to them was tantamount to paying the insured, relieving Britamco of liability. The court of appeal also concluded that Britamco was not writing Louisiana insurance in violation of the Unfair Trade Practices and Consumer Protection Law, LSA-R.S. 51:1401-1418. 588 So.2d 187 (1991).
Section 7 of the insurance policies issued by Britamco provides, in pertinent part, that “the company shall return to the named insured the unearned portion paid by the named insured....” The plain meaning of this contract provision is that any unearned premium shall be returned to the insured; nothing is provided about re: turn to a broker or to an agent. Use of the mandatory term “shall” requires the insurer to make certain that the refund gets to the insured. If a broker or agent shortstops the refund, then the insurer must make good.
*1308 The applicable statutory law has the same requirement. LSA-R.S. 22:637(B) provides that “the insurer shall pay to the insured or to the person entitled thereto as shown by the insurer’s records, any unearned portion of any premium paid on the policy....” The “person entitled thereto” is the same as the insured in this case.
Britamco followed its customary practice in refunding these premiums. However, both LSA-R.S. 22:637 and Britamco’s policies required refund of the unearned premiums to the named insured. In the ordinary course, payment through the brokers would meet this obligation. However, where something goes awry, the insurer is liable to the named insured.
Instructive of this rule are the words of the New Jersey Supreme Court in Spilka v. South America Managers, Inc., 54 N.J. 452, 255 A.2d 755 (1969).
It is equally elementary that, upon cancellation of an insurance contract by either party to it, the obligation rests on the insurer to pay to the insured the unearned premium called for by the terms of the policy. That obligation is not met where the insurer pays its agent, intending transmittal to the insured, if the money does not ultimately reach the insured. If an insurer chooses to make such payment to someone other than the insured, it does so at its peril.
255 A.2d at 761 (citations omitted).
Forest contends that the refund was delivered to the agent, Luquet, according to insurance business custom. Even if that is the custom, it does not release the insurer’s responsibility to the insured, not a part of the industry. Custom cannot overcome the contractual and statutory obligation to refund unearned premiums to the insured. LSA-C.C. art. 3.
The representation of the insured by brokers provided in LSA-R.S. 22:1162, read in context, relates to the procurement of insurance and not to agency for receipt of a refunded premium.
The plaintiffs’ arguments concerning unfair trade practices are not persuasive; their claims in that connection are denied.
The trial court and the court of appeal were correct as to Forest. Forest has no legal responsibility for the refund to the insured; its dismissal is affirmed. However, dismissal of Britamco was an error of law.
It is ordered, adjudged and decreed that plaintiffs have judgment against Britamco Underwriters, Inc. for $30,542.40, plus legal interest from the date the policies were cancelled. All costs are taxed against Bri-tamco.
REVERSED IN PART AND RENDERED.

. David Briggs Enterprises, Inc., a Texas Corporation; Brash Enterprises, Inc., a Texas Corporation; Daiquiri's Acadiana, a Louisiana Partnership in Commendam; Tab-Cat, Inc., a Louisiana Corporation; DAB Interest, Inc., a Louisiana Corporation; Las Brisas, a Louisiana Partnership in Commendam and Daiquiri's III on Bourbon Ltd., a Texas Limited partnership.